RECEIVED
IN ALEXANDRIA, LA

OCT 22 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

MARCELLUS WASHINGTON               DOCKET NO. 09-CV-697; SEC. P

VERSUS                             JUDGE DEE D. DRELL

B.O.P., ET AL.                     MAGISTRATE JUDGE JAMES

D. KIRK

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by Marcellus Washington on April 24, 2009. Washington is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is currently incarcerated at the United States Penitentiary in Florence, Colorado. However, his complaint involves incidents that occurred while he was incarcerated at the United States Penitentiary in Pollock, Louisiana (USPP).

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### FACTUAL BACKGROUND

---

[1] Plaintiff's claim is a civil rights claim filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In <u>Bivens,</u> the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."

Plaintiff complains that on April 8, 2002, the defendants failed or refused to implement suicide prevention policies and procedures. As a result, Plaintiff attacked two prison food services employees on April 10, 2002. Plaintiff was subsequently charged and convicted of assault, and he is now serving a life sentence. Plaintiff alleges that Dr. Gallagher - the mental health specialist at USPP - knew or should have known that Plaintiff was potentially suicidal. Plaintiff claims that the incident in which he assaulted BOP employees could have been avoided if Dr. Gallagher had done a proper mental health assessment.

In addition, Plaintiff complains that Defendant Millick, as assistant food service administrator, should have investigated Plaintiff's background before hiring him for food service.

Plaintiff states that other defendants also should have looked at Plaintiff's medical history on BOP computers, which would show that he had mental problems. Thus, Plaintiff complains that the defendants are to blame for his attack of the officers.

Plaintiff did not file an Informal Resolution Attempt (BP-8) until November 24, 2003, more than one year after the incident took place. In the BP-8, Plaintiff claimed that he had been denied psychological or psychiatric treatment by defendant

Gallagher on April 8, 2002. [Doc. #1, p.23] He claimed that the denial resulted in his attack on two BOP employees on April 10, 2002. After receiving an unfavorable response to his grievance, Plaintiff filed a formal Request for Administrative Remedy (BP-9) on December 15, 2003. [Doc. #1, 23] Again, dissatisfied with the response received from the USP-P Administration, Plaintiff filed a Regional Administrative Appeal. His Regional Appeal was rejected on February 3, 2004 because of defects in form. Plaintiff was advised to comply with formal requirements and resubmit his grievance within ten days. Dissatisfied with this response, Plaintiff sought review with the BOP Central Office. On March 16, 2004, his appeal was rejected for the reasons stated in the Regional Officer's report and for the additional reason that his appeal was untimely. [Doc. #1, p.24-25; also 04-cv-871 Doc. #4, Exhibit A]

Plaintiff filed his first suit in this District Court on April 14, 2004 raising, in part, the same claims that he raises herein. Plaintiff's claim regarding delayed or improper psychological treatment in April 2002 was *dismissed with prejudice*. Plaintiff's other claims[2] were *dismissed without prejudice for failure to*

---

[2]In an amended complaint, Plaintiff argued that the defendants imposed an excessive sentence and violated double jeopardy in the prison disciplinary proceeding convened following the assault on April 10, 2002. [04-cv-697; Doc.

*exhaust administrative remedies* as to those claims.

## LAW AND ANALYSIS

As he did in his 2004 lawsuit, Plaintiff complains that he was denied proper psychological treatment in April 2002, resulting in his attack on two BOP officers. Plaintiff also claims that the Court was wrong in dismissing the other claims for failing to exhaust because he had, in fact, properly exhausted his administrative remedies.

1.    Mental Health Care

Plaintiff's claim regarding improper or untimely mental health care is barred by the doctrine of res judicata or claim preclusion, which forecloses relitigation of claims that were litigated in a prior action. See Allen v. McCurry, 449 U.S. 90, 94 (1980). Plaintiff's prior suit was dismissed with prejudice; therefore, his mental health care claim against the same defendants should be dismissed on the basis of res judicata. To the extent that he is seeking to bring the mental health care

---

#4]
    In a second amended complaint, Plaintiff complained that he was in the segregated housing unit being administratively detained without due process of law. He also alleged that he was not competent on the date of the attack, so he should not have been found guilty. Finally, he claimed retaliation, lack of grievance forms and books to access the courts, obstruction of court orders, unlawful confinement in the Special Housing Unit, inadequate mental health care, threats of physical harm, overcrowded conditions of confinement, hostile environment, and exposure to disease and tobacco smoke.

claim against new defendants, his claim is prescribed.[3]

2.   Other claims

Plaintiff complains that the district court improperly dismissed as unexhausted the "other claims" in his 2004 lawsuit. Plaintiff alleges that he had, in fact, properly exhausted his administrative remedies when he filed that previous suit. First, if Plaintiff seeks to reallege those claims in the instant lawsuit, he fails to state a claim for which relief can be granted. The claims have prescribed, as the facts forming the basis of those claims allegedly occurred in 2002-2004, and Plaintiff filed this suit in 2009.[4] Plaintiff presents no documents or allegations indicating that prescription would have been tolled beyond 2004.

_____

[3]There is no federal statute of limitations. Accordingly, the forum state's statute of limitations for general personal injuries is used in Bivens claims. Lopez-Vences v. Payne, 74 Fed. Appx. 398 (5th Cir. 2003). In Louisiana, that limitations period is one year.

[4]A Plaintiff is entitled to equitable tolling for the time spent properly exhausting the BOP's administrative remedies. See Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002) (holding that because the PLRA requires a prisoner to exhaust his administrative remedies, the prisoner is entitled to equitable tolling of the applicable limitations period while he exhausts the remedies); Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (holding that the statute of limitations applicable to a civil rights complaint should be tolled while the prisoner exhausts his administrative remedies).
    Plaintiff alleges that the final denial from BOP Central Office is dated March 16, 2004. [Doc. #1, p.24-25] Even assuming that Plaintiff timely pursued and exhausted his administrative remedies, Plaintiff had one year from March 16, 2004 to file suit. Plaintiff did not file the instant suit until March 27, 2008, well over one year from the final denial of his administrative appeal at the national level.
    Thus, even with the benefit of equitable tolling during the pendency of his administrative proceedings, Plaintiff's complaint is prescribed.

5

If Plaintiff is seeking *review* of a previous judgment of this Court, the proper procedure would be an appeal to the Fifth Circuit Court of Appeals.   Plaintiff did indeed file an appeal, but it was dismissed on August 3, 2005, for want of prosecution. [04-cv-871, Doc. #19] Plaintiff cannot challenge a 2004 judgment of this Court by filing a new complaint in this Court.

### CONCLUSION

For the foregoing reasons, Plaintiff's complaint lacks an arguable basis in law and is frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).   Therefore,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time barred and frivolous.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. See <u>Douglas v. United

Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

      **THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day

of _____, 2009.

                                             **JAMES D. KIRK**

                               **UNITED STATES MAGISTRATE JUDGE**